UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.     26-CR-20128-JB

UNITED STATES OF AMERICA

vs.

WILNER RENAUD,

       Defendant.

_____/

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States files this response to the Standing Discovery Order issued in this case. This response is in compliance with Local Rule 88.10 and Federal Rule of Criminal Procedure 16 and numbered to correspond to that Order.

A.   1.   The United States has turned over any oral or recorded statements the defendant made to law enforcement.

   2.   The United States is currently unaware of any written or recorded statements the defendant made to law enforcement.

   3.   The defendant is not an organization.

   4.   The defendant's prior criminal history is attached.

   5.   Books, papers, documents, tangible items, buildings or places which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant were produced on April 13, 2026, via USAfx. The United States produced discovery with an index listing seventeen (17) PDF files, one (1) video file, and one (1) audio file. The discovery includes documents with page ranges USA_000001 to USA_000154. Please contact the undersigned Special Assistant United States Attorney if any pages are missing. The attachments to this discovery

1

response are not necessarily copies of all the books, papers, documents, etc., that the United States intends to introduce at trial.

The entirety of the defendant's Alien File ("A-File) may be inspected at the Office of the United States Attorney, 99 N.E. 4th Street, Suite 805, Miami, Florida.  Please call the undersigned to schedule a mutually convenient time for the discovery conference.

6.   The United States is currently unaware of any results or reports of any physical or mental examinations, nor is the United States currently aware of any scientific tests or experiments.

B.   DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).  However, the United States is currently unaware of any such information or material.

D.   The United States will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.   The United States is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the United States at trial.

F.   No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

2

G.      The United States has advised its agents and officers involved in this case to preserve all rough notes.

H.      The United States will timely advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the United States may introduce under Rule 404(b) evidence of the defendant's past criminal activity that has resulted in arrests and/or convictions.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The United States has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the United States at the trial of this cause. No defendant named in the Indictment testified before the Grand Jury.

K.      No controlled substance is involved in this Indictment.

L.      The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession.

M.      The United States is currently unaware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

|  |  |
|---|---|
| Time: | Please refer to Indictment |
| Date: | Please refer to Indictment |
| Place: | Please refer to Indictment |

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

*/s/ Jeffrey M. Pierce*
JEFFREY M. PIERCE
Special Assistant United States Attorney
Florida Bar No. 1002549
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9156
E-Mail: Jeffrey.Pierce@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEARBY CERTIFY that on April 14, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I further certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and that the items listed were made available to counsel of record on April 13, 2026, via USAfx.

*/s/ Jeffrey M. Pierce*
Jeffrey M. Pierce
Special Assistant United States Attorney

4