**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-20128-CR-BECERRA

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

WILNER RENAUD,

*Defendant*.
_________________________________/

**MOTION TO SUPPRESS**
**AND REQUEST FOR EVIDENTIARY HEARING**

Wilner Renaud, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), moves this Court to suppress evidence obtained in violation of the Fifth Amendment to the Constitution of the United States.

**BACKGROUND**

On February 9, 2026, three law enforcement agents from the Department of Homeland Security interrogated Mr. Renaud in a confined office space on the ground floor of Camillus House, the homeless shelter where Mr. Renaud resided at the time. The agents did not advise Mr. Renaud of his *Miranda*[1] rights or tell him that he was free to leave. After the agents introduced themselves, they immediately began questioning Mr. Renaud about the facts at issue in this case. The interrogation lasted approximately one hour, and a portion of it was audio recorded.

Less than two months later, a grand jury returned an indictment against Mr. Renaud that charged him with falsely claiming citizenship in order to vote, in

[1] *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

violation of 18 U.S.C. § 1015(f), and voting by alien, in violation of 18 U.S.C. § 611. Mr. Renaud is currently being detained without bond.

## ANALYSIS

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself" and this privilege against self-incrimination requires that a suspect who is in custody be advised of the right to remain silent and of the right to the assistance of counsel prior to any interrogation. U.S. CONST. amend V; *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

For the purposes of *Miranda*, a suspect is in "custody" when there has been a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983); *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006). And whether a restraint on freedom rises to the level of a formal arrest depends upon whether, based upon the totality of the circumstances, a reasonable person in the suspect's position "would feel a restraint on his freedom of movement to such an extent that he would not feel free to leave." *Brown*, 441 F.3d at 1347.

Custody, however, is only one part of a custodial interrogation. A suspect is subjected to an "interrogation" for *Miranda* purposes when the police use express questioning or its functional equivalent in a way that is reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

Here, the government cannot dispute that Mr. Renaud was subjected to an interrogation without first receiving a *Miranda* warning. No evidence of a *Miranda* warning being given by law enforcement or of *Miranda* rights being waived by Mr. Renaud has been provided in discovery. And the questions asked by law enforcement during this interview clearly constitute interrogation under *Innis* because Mr. Renaud was questioned extensively about his immigration history, his voting history, his understanding of the government's evidence against him, and countless other aspects of the case for which he was ultimately indicted.

The central question that the Court must resolve in this motion is whether Mr. Renaud was in custody at the time of this unwarned interrogation, and the correct answer to that question is yes. Mr. Renaud was in an enclosed office space and surrounded by three federal agents throughout the duration of this hour-long interrogation. Based on the totality of the circumstances, which will become apparent at the requested evidentiary hearing, no reasonable person would feel free to leave the environment in which Mr. Renaud was interrogated.

Because Mr. Renaud was not provided with a *Miranda* warning before he was subjected to a custodial interrogation by law enforcement on February 9, 2026, the Court must suppress the evidence derived from this interrogation, including the audio recording that documents part of the interaction between Mr. Renaud and law enforcement on that date.

## CONCLUSION

Because the Fifth Amendment renders the evidence derived from this custodial interrogation inadmissible, Mr. Renaud respectfully asks the Court to order the suppression of this evidence. Accordingly, he also requests an evidentiary hearing on this motion.

Respectfully Submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

By: */s/ Evan L. Kuhl*
Evan L. Kuhl
Assistant Federal Public Defender
Florida Bar No. 1025143
150 W. Flagler Street, Suite 1700
Miami, Florida 33130
(305) 530-7000
evan_kuhl@fd.org

## CERTIFICATE OF CONFERRAL

The undersigned conferred with AUSA Jeffrey Pierce prior to filing this motion. The government opposes the relief sought herein.

*/s/ Evan L. Kuhl*

## CERTIFICATE OF SERVICE

I HEREBY certify that on **May 12, 2026**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Evan L. Kuhl*
Evan L. Kuhl